24                September 11, 2024                No. 653

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Ethan PRINTEMPS-HERGET,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2023EAB0775
A182386

Submitted August 14, 2024.

Ethan Printemps-Herget filed the brief *pro se*.

Dustin Buehler waived appearance for respondent
Employment Department.

Before Tookey, Presiding Judge, Egan, Judge, and
Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Claimant, appearing *pro se*, seeks judicial review of a final order of the Employment Appeals Board (EAB), which denied his application for Pandemic Unemployment Assistance (PUA).[1] Reviewing the EAB's order for "substantial evidence, substantial reason, and legal error," *Kroetch v. Employment Dept.*, 289 Or App 291, 297, 409 P3d 60 (2017), we affirm.

Prior to March 2020, claimant collected discarded aluminum cans and glass bottles and returned them for the deposit. Around March 2020, as a result of the COVID-19 pandemic, the redemption centers that claimant used to redeem cans and bottles closed, and claimant was no longer able to return them for the deposit.

Claimant then applied for PUA. EAB determined that claimant was not eligible for PUA, because he was not a "covered individual" under 15 USC § 9021(a)(3)(A). In his sole assignment of error, claimant challenges that ruling.

Specifically, claimant asserts that he was a "covered individual" under 15 USC § 9021(a)(3)(A)(ii)(I)(ee), because he was "unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency." Although 15 USC § 9021(a)(3)(A)(ii)(I)(ee) was not specifically addressed by EAB, given EAB's findings, we conclude that 15 USC § 9021(a)(3)(A)(ii)(I)(ee) is not applicable to claimant, because a quarantine did not prevent claimant from reaching his place of employment. *See* US Dep't of Labor, Unemployment Insurance Program Letter, No. 16-12, Change 6 (Sept 3, 2021), at I-2 (stating that 15 USC § 9021(a)(3)(A)(ii)(I)(ee) is applicable to, for example, "[a]n individual who is unable to reach his or her place of employment because doing so would require the violation of a state or municipal order *restricting travel* that was instituted to combat the spread of COVID-19." (Emphasis added.)).

---

[1] Respondent, the Employment Department, waived its appearance. *Cf. Penson v. Ohio*, 488 US 75, 84, 109 S Ct 346, 102 L Ed 2d 300 (1988) ("[O]ur adversarial system of justice *** is premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." (Internal quotation marks omitted.)).

We also understand claimant to assert that he was a "covered individual" under 15 USC § 9021(a)(3)(A)(ii)(I)(kk), because he was a "self-employed individual[] who experienced a significant diminution of services because of the COVID-19 public health emergency." US Dep't of Labor, Unemployment Insurance Program Letter, No. 16-20, Change 2 (July 21, 2020) at 2 (providing that, as authorized by 15 USC § 9021(a)(3)(A)(ii)(I)(kk), PUA benefits are available to certain self-employed individuals). The EAB determined that claimant did not qualify as a "self-employed individual," however, because he was not an individual whose "primary reliance for income is on the performance of services in the individual's own business, or on the individual's own farm." 20 CFR § 625.2(n) (defining "self-employed individual"). On this record, we can discern no error in EAB's determination. As EAB concluded in an earlier benefits determination involving claimant, which EAB referenced in the order that is now before us on judicial review, "the record does not show that anyone received a service or derived any benefit from claimant's can redemption activities."

Consequently, we affirm EAB's order.

Affirmed.